IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-285-BO
No. 5:11-CV-565-BO

| | |
|---|---|
| AHMAD RASHAD TOMLINSON, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment pursuant to Rule 59(e) [DE 44]. Petitioner asks the Court to amend its earlier judgment, contending that the Court incorrectly concluded that Petitioner remains a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The decision to alter or amend a judgment is committed to the discretion of the district court, and the Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that the court has committed a clear error of law or manifest injustice. *See e.g. Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Petitioner raises his claim under a newly recognized law, and further contends that a prior cocaine conviction should not be used to enhance his sentence under U.S.S.G. § 4B1.1.[1]

First, the Petitioner has not identified and the Court is unaware of any intervening change in controlling law that would form a basis upon which the Court could amend its judgment.

---

[1] The Court notes again that, while Petitioner continues to qualify for the career offender enhancement under U.S.S.G. § 4B1.1, his base offense level in this matter was based on U.S.S.G. § 2D1.1 as it resulted in a higher offense level.

Furthermore, Petitioner would still qualify for the career offender enhancement even in light of *Simmons*, and Petitioner has failed to demonstrate otherwise. Petitioner argues that his conviction for "sale of cocaine" was improperly classified by the United States Probation Office as a Class G offense. However, a review of Petitioner's state court judgment confirms that his conviction for "sell cocaine" in March 1999 was in fact listed as a Class G felony [DE 41]. In regard to Petitioner's contention that there was a clerical error in his state court judgment, this Court lacks the authority to remedy such a mistake.

## CONCLUSION

Because Petitioner has identified no basis upon which the Court would find it necessary or appropriate to alter or amend its judgment, Petitioner's Motion to Alter or Amend Judgment is DENIED.

SO ORDERED, this 20 day of August, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE